UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RALPH KINGS,                )
                            )
        Plaintiff,           )
                            )
    vs.                     )        17-CV-1128
                            )
McCORMICK, *et al.*,         )
                            )
        Defendants.          )

MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated in Pontiac Correctional Center, was granted leave to proceed *in forma* pauperis. This cause is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and also set a merit review hearing to allow the plaintiff a chance to personally explain his claims to the court.

Plaintiff stated in open court that he suffers from several different mental disorders; i.e., severe depression, bipolar, hallucinations with voices, etc., and alleges in his complaint that upon arrival at Pontiac, prison officials ignored his requests to "fix" his psychotropic medications. Plaintiff then alleges Defendant McCormick, a psychiatrist, made sexually suggestive comments to him during a consultation, which ultimately resulted in Defendant McCormick performing oral sex on Plaintiff without Plaintiff's consent approximately two months later. After reporting this incident, Plaintiff alleges Defendant Alley, a mental health professional, placed him in a dirty cell with only a smock for 7 days even though he was not suicidal or homicidal. Plaintiff alleges this event caused him to, on separate occasions, expose his penis to staff, and assault or otherwise threaten correctional staff. As a result of these actions, Plaintiff

1

alleges he was placed in a crisis cell, denied yard and audio/visual privileges, and transferred to other prisons for a short time.

Plaintiff has not provided enough information regarding the mental health treatment, conditions of his confinement, and retaliation for the Court to determine whether he states a claim. If plaintiff wishes to pursue these claims he must file an amended complaint that more factually details what the defendants did or did not do to violate his constitutional rights, and specifically who was involved in the alleged deprivation. Plaintiff's complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Plaintiff has a substantive due process right to bodily integrity, and, therefore, he states a claim against Defendant McCormick for the alleged sexual assault. *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("[Sexual assault] committed under the color of state law is actionable under § 1983 as a deprivation of liberty without due process of law."). Plaintiff has no constitutional right to the grievance process, and his allegations regarding the improper investigation of such grievances does not state a claim.

IT IS THEREFORE ORDERED that:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim under the Eighth Amendment for cruel and unusual punishment against Defendant McCormick. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall

provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     **The clerk is directed to attempt service on Defendant McCormick only at this time.**   If plaintiff files an amended complaint, a determination will be made as to remaining defendants upon review of the amended complaint.

12.     **Plaintiff's motions for counsel (#5, #9) are denied**, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

13.     **Plaintiff's motions for preliminary injunction (#6, #8) are denied** at this time but may be consolidated with the other matters for a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).   A party seeking injunctive relief has the burden of proving that he will suffer irreparable harm if the relief is not granted.   *Ty, Inc., v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).   Furthermore, the defendants have not yet been served.   The Court cannot enter a preliminary injunction at this time because Rule 65(a) of the Federal Rules of Civil Procedure states that a court "may issue a preliminary injunction on only on notice to the adverse party."   Fed. R. Civ. P. 65(a).   The Court may issue a temporary restraining order without notice to an adverse party, but only upon a showing that "immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition," and presentation of a written certification as to the efforts that have been made to notify the adverse party and the reasons why notice should not be required.   Fed. R. Civ. P. 65(b).   Plaintiff has presented neither.   In addition, Plaintiff does not present this as an emergency or claim that he will suffer irreparable harm if the matter is left to be decided in the normal course.

14.     Plaintiff has thirty (30) days to file an amended complaint on his claims for deliberate indifference to his serious mental health need, conditions of confinement, and retaliation that complies with the Court's instructions above.   If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined in this order, these claims will be dismissed.   **The clerk is directed to provide the plaintiff with a blank complaint form to assist him.**

Entered this 10th day of May, 2017

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE